IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARVIN TURNER,

    Plaintiff,

v.

DANE DASHER; JOHN PAUL; LARRY
BREWTON; Officer DEKELE; Officer
LANE; Officer KING; Officer LILLIARD;
Officer THOMAS; Sgt. SMITH; Officer
GORDON; Lt. SANDERS; Officer
TOOTLE; Officer MOBLEY; Officer
WADE; Officer HURTADO; Officer
BERRY; and DON JARRIEL,

    Defendants.

CIVIL ACTION NO.: CV611-098

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections[1] were filed. In his Objections, Plaintiff contends that the Magistrate Judge erred in recommending that his claims against Defendants Thomas, Dekele, Lane, King, Lilliard, Brewton, Paul, and Dasher stemming from events which allegedly occurred on August 25, 2009, be dismissed. According to Plaintiff, he notified the Clerk's Office that he wished to pursue his claims stemming from August 25, 2009, events, which were listed as "Claim I" in his original Complaint. There is no record on the docket of this case of such a letter or notice. Additionally, it seems clear from Plaintiff's response to the Magistrate Judge's September 27, 2011, Order that Plaintiff did not wish to pursue

---

[1] Plaintiff filed Objections at docket entries numbered 15 and 16; however, the Objections at docket entry number 16 are nothing more than a photocopy of Plaintiff's original Objections.

those claims in this cause of action. Should Plaintiff wish to pursue any claims stemming from alleged events occurring on August 25, 2009, he may file a separate cause of action.

Plaintiff also contends that the Magistrate Judge erred by not ordering service of his Complaint on Defendants Dasher, Paul, and Brewton. Plaintiff asserts that Defendant Dasher, Paul, and Brewton were in a position to intervene on his behalf when they learned Plaintiff was placed on "stripped cell status". (Doc. No. 15, p. 3). However, a review of Plaintiff's allegations against Dasher, Paul, and Brewton reveals that he seeks to hold these individuals liable based solely on their supervisory positions.

The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's claims against Defendants Thomas, Dekele, Lane, King, and Lilliard stemming from events which allegedly occurred on August 25, 2009, are **DISMISSED**, without prejudice. Plaintiff's claims against Dasher, Paul, and Brewton are **DISMISSED**. Plaintiff's deprivation of property claim against Defendants Gordon and Smith is **DISMISSED**. Defendants Dekele, Lane, King, Lilliard, Dasher, Paul, and Brewton are **DISMISSED** as named Defendants from this cause of action.

The Magistrate Judge noted in his Order that Plaintiff asserted that Defendants Jarriel, Smith, and Gordon were present during the excessive use of force incident, and the Magistrate Judge also noted that officers present during an excessive use of force incident could be liable for their nonfeasance. However, the Magistrate Judge inadvertently failed to direct service of Plaintiff's Complaint on Defendants Smith and Gordon. Plaintiff's allegations against Smith and Gordon arguably state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A. A copy of Plaintiff's

AO 72A
(Rev. 8/82)

Complaint, Documents Numbered 8 and 13, and a copy of this Order shall be served upon Defendants Smith and Gordon by the United States Marshal without prepayment of cost. If either Defendant elects to file a Waiver of Reply, then he or she must file either a dispositive motion or answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

**INSTRUCTIONS TO DEFENDANTS**

Since the Plaintiff is authorized to proceed in forma pauperis, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules. Local Rule 26.1(d)(i).

AO 72A
(Rev. 8/82)

In the event Defendants take the deposition of any other person, they are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

### INSTRUCTIONS TO PLAINTIFF

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, et seq. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(I).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories shall not be filed with the court. Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

AO 72A
(Rev. 8/82)

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be

6

deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this _30_ day of _Jan._, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA