FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 MAR -6 PM 3:41
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARVIN TURNER,

Plaintiff,

v.

CIVIL ACTION NO.: CV611-098

TAMMIE THOMAS; Sgt. SMITH; Officer GORDON; TRAVIS SANDERS; AMANDA TOOTLE; ALTON MOBLEY; LARRY WADE; HUMBERTO HURTADO; Officer BERRY; and DON JARRIEL,

Defendants.

**ORDER**

Presently before the Court is a February 6, 2012, letter from Plaintiff, which the undersigned construes as a Motion for Reconsideration of the undersigned's Order dated January 30, 2012. In his Motion, Plaintiff declares that he informed the Court of which claims he wished to pursue in this cause of action. According to Plaintiff, he wishes to pursue his claims stemming from events occurring on August 25, 2009, and not the claims stemming from events occurring on October 14, 2009.[1] After due

[1] Plaintiff directs the Court's attention to page 16 of Document Number 8. Plaintiff does state on this particular page that he wishes to pursue "Claim I" against Defendant Thomas, Dekele, Lane, King, Lilliard, Unknown Correctional Officer, Brewton, Paul, Dasher, and Jarriel. (Doc. No. 8, p. 16). However, Plaintiff unnecessarily complicated matters by entitling this document "Claim I" and asserting claims stemming from events occurring on October 14, 2009, not August 25, 2009. Additionally, this "letter" to the Clerk of Court follows Plaintiff's signature page for Document Number 8 and was buried in the document, as filed. Finally, Plaintiff simultaneously filed another pleading, which is docketed as Number 9, and thus, was read after Document Number 8. Based on Plaintiff's latest filing, however, it is much clearer that Plaintiff intended Documents Numbered 8 and 9 to form the basis of a separate cause of action and that Document Number 8 was intended to be an attachment to Document Number 9. Accordingly, the Clerk of Court is directed to docket Documents Numbered 8 and 9 of the captioned case as another cause of action bearing a separate civil action number.

consideration, Plaintiff's "Motion" is **GRANTED**. Thus, the undersigned's Order dated January 30, 2012 (Doc. No. 24), and the Magistrate Judge's Order dated December 14, 2011 (Doc. No. 12), are hereby **vacated**. The undersigned enters the following in the stead of these previous rulings. As a necessary result, the pending Motion to Dismiss (Doc. No. 27) is **DISMISSED** as moot. Plaintiff's claims against Defendants Sanders, Tootle, Mobley, Wade, Hurtado, Thomas, Berry, Jarriel, Smith, Gordon, Dasher, Paul, and Brewton stemming from events occurring on October 14, 2009, are **DISMISSED**, without prejudice. Sanders, Tootle, Mobley, Wade, Hurtado, Thomas, Berry, Smith, and Gordon are **DISMISSED** as named Defendants. The Clerk of Court is directed to docket Plaintiff's February 6, 2012, letter as a Motion for Reconsideration.

Plaintiff asserts that Defendants Thomas, Dekele, Lane, King, Lilliard, and "Unknown Correctional Officer" were assigned to the yard-pen area for the segregation unit. Plaintiff contends that he was handcuffed during an escort, and these Defendants allowed or actively permitted another prisoner (Charles Duffy) to attack him with a razor blade. Plaintiff also contends that he sustained injuries as a result of this attack, for which he received medical treatment. Plaintiff further contends that Defendants Brewton, Paul, Dasher, and Jarriel approved or instructed staff to issue razors to inmates, even inmates with mental health issues, and all of these Defendants knew of inmate Charles Duffy's mental health issues and past assaults. Plaintiff avers that Defendants Jarriel, Dasher, Paul, and Brewton had policies in place which caused Plaintiff and other inmates to face substantial risks of serious harm.

The Eighth Amendment imposes duties on prison officials such as the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511



AO 72A
(Rev. 8/82)

U.S. 825, 828 (1994). This right to safety is violated when prison officials show a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to survive on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendants showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendants' acts or omissions and the alleged constitutional deprivation. Id.

In addition, supervisors may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisors' conduct and the alleged violations. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998). "To state a claim against [ ] supervisory defendant[s], the plaintiff must allege (1) the supervisor[s'] personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor[s] directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor[s] on notice of an alleged deprivation that [they] then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Thomas, Dekele, Lane, King, Lilliard, "Unknown Correctional Officer", Jarriel, Dasher, Paul, and Brewton. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Thomas, Dekele, Lane, King, Lilliard, Jarriel,



AO 72A
(Rev. 8/82)

Dasher, Paul, and Brewton by the United States Marshal without prepayment of cost. Plaintiff shall identify the "Unknown Correctional Officer" within thirty (30) days of the date of this Order so that service may be perfected upon him. If any Defendant elects to file a Waiver of Reply, then he or she must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

Plaintiff is directed to provide the identity of "Unknown Correctional Officer" within thirty (30) days of this Order. Plaintiff's failure to do so will result in the dismissal of "Unknown Correctional Officer" as a named Defendant in this cause of action.

**INSTRUCTIONS TO DEFENDANTS**

Since the Plaintiff is authorized to proceed in forma pauperis, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendants shall ensure that the Plaintiff's deposition and any other depositions in the



AO 72A
(Rev. 8/82)

case are taken within the 140-day discovery period allowed by this court's local rules. Local Rule 26.1(d)(i).

In the event Defendants take the deposition of any other person, they are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.



AO 72A
(Rev. 8/82)

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq.* Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(I).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories shall not be filed with the court. Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to



AO 72A
(Rev. 8/82)

such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this 6 day of March, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA



AO 72A
(Rev. 8/82)