FILED
U.S. DISTRICT COURT
     DIV.
2012 AUG 20  AM 10: 47
CLERK_____
      SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARVIN TURNER,

   Plaintiff,

v.

DANE DASHER; JOHN PAUL; LARRY
BREWTON; KAREN DEKELE; Officer
LANE; Officer KING; Officer LILLIARD;
Lt. THOMAS; and DON JARRIEL,

   Defendants.

CIVIL ACTION NO.: CV611-098

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Telfair State Prison in Helena, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. Defendants Don Jarriel, Dane Dasher, John Paul, Larry Brewton, Tammie Thomas, and Karen Dekele ("Movants") filed a Motion to Dismiss.[1] Plaintiff filed a Response. For the reasons which follow, Movants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants Thomas, Dekele, Lane, King, and Lilliard were assigned to the yard-pen area for the segregation unit. Plaintiff contends that he was handcuffed during an escort, and these Defendants allowed or actively permitted

---

[1] Movants assert that Defendants FNU Lane, FNU King, and FNU Lilliard have not been served in this case. The undersigned directed service upon Lt. Thomas, Correctional Officer II Lane, and Correctional Officer II King by Order dated August 9, 2012. (Doc. No. 52).

AO 72A
(Rev. 8/82)

another prisoner (Charles Duffy) to attack him with a razor blade. Plaintiff also contends that he sustained injuries as a result of this attack, for which he received medical treatment. Plaintiff further contends that Defendants Brewton, Paul, Dasher, and Jarriel approved or instructed staff to issue razors to inmates, even inmates with mental health issues, and all of these Defendants knew of inmate Charles Duffy's mental health issues and past assaults. Plaintiff avers that Defendants Jarriel, Dasher, Paul, and Brewton had policies in place which caused Plaintiff and other inmates to face substantial risks of serious harm.

Movants contend that Plaintiff fails to state a failure to protect claim. Defendants Thomas, Jarriel, Dasher, Brewton, and Paul assert that they all hold supervisory positions at Georgia State Prison, but Plaintiff cannot sue them on a respondeat superior basis. Movants allege that they are entitled to qualified immunity.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

2

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Deliberate Indifference to Safety/Failure to Protect**

Movants assert that Plaintiff does not allege that officers had any prior knowledge that Plaintiff would be assaulted by another inmate. Movants contend that Plaintiff does not allege that he had a particular fear of the inmate who attacked him or any fear of being assaulted by other inmates. Movants also contend that Plaintiff did not inform officers or the warden that he felt threatened by the inmate who attacked him, nor did Plaintiff request to be placed in protective custody.

Plaintiff alleges that Movants allowed another inmate to attack him because their policies and customs "created substantial risk of serious harm[.]" (Doc. No. 51, p. 1). Plaintiff also alleges that Movants were subjectively aware of a substantial risk of harm because Defendants Brewton, Thomas, Dekele, King, Lane, and Lilliard worked in administrative segregation and/or the special management unit, which houses high-risk, violence-prone, mentally ill, and protective custody inmates. Plaintiff further alleges that inmates housed in these areas were given razors, which were not being disposed of

properly, and inmates were converting these razors to weapons. Plaintiff contends that Charles Duffy, the inmate who assaulted him, has a history of violence and mental health issues. Plaintiff also contends that inmates were able to unlock the handcuff slots, and Defendants Dekele, Lane, King, and Lilliard allowed Duffy to grab him (Plaintiff) through an unsecured handcuff slot when Plaintiff was being escorted off the yard. Plaintiff contends that Movants need not have prior knowledge that he would be assaulted by a particular prisoner.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety and health of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Co., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. All disputed facts are resolved in accord with the plaintiff's view of the facts. Purcell, 400 F.3d at 1320. However, "simple negligence is not actionable under § 1983, and a

plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14.

"A substantial risk to a prisoner's safety may arise not only out of his individual situation, but out of an environment of longstanding and pervasive attacks to which all prisoners in his situation are exposed, and it may come from single or multiple sources." Staley v. Owens, 367 F. App'x 102, 107 (11th Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 842-43 (1994). "Nevertheless, a defendant may avoid liability by showing that: (1) he was unaware of the underlying facts indicating a substantial risk; (2) he believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent; or (3) he responded reasonably to the risk, even if the harm ultimately was not averted." Id. (internal punctuation and citation omitted).

A review of the pleadings does not reveal that Defendants Dekele, Lane, King, or Lilliard were aware of a substantial risk to Plaintiff's, or any other inmate's, safety based on a threat by Charles Duffy or another inmate. Even accepting as true Plaintiff's version of facts, his allegations are formulaic and present nothing more than a threadbare recital of the elements of a deliberate indifference claim. There is nothing in the pleadings which reveals that Defendants Dekele, Lane, King, or Lilliard had subjective knowledge that Charles Duffy or any other inmate had possession of razor blades, that Charles Duffy or any other inmate was not handcuffed, or that Charles Duffy or any other inmate would grab Plaintiff (or another inmate) and assault him. There is nothing in the pleadings which reveals that Defendants Dekele, Lane, King, or Lilliard had subjective knowledge of a specific threat to Plaintiff's safety or a general threat to Plaintiff's and every other inmates' safety. This portion of Movants' Motion

AO 72A
(Rev. 8/82)

should be granted, and Plaintiff's claims against Defendant Dekele should be dismissed.[2]

II. **Respondeat Superior**

Movants assert that Plaintiff names Defendant Thomas as a Defendant because she was the alleged supervisor over the building. Movants also assert that Plaintiff names Defendants Jarriel, Dasher, Brewton, and Paul, all of whom are supervisors, as Defendants because he alleges Defendants Jarriel, Dasher, Brewton, and Paul allowed the issuing of razors to inmates. Movants aver that Plaintiff does not set forth facts which show anything other than an isolated incident.

Plaintiff counters that he has provided facts which are sufficient to show the dangers of issuing razor blades to inmates and that these dangers were more than an isolated incident. Plaintiff states that he has alleged that several inmates converted these razors to weapons, which were used to assault staff and other inmates or for self-mutilation. Plaintiff asserts that Defendants Thomas, Jarriel, Dasher, Brewton, and Paul were aware of widespread abuse and were deliberately indifferent.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his

---

[2] The undersigned included Defendants Lane, King, and Lilliard in the section of his Report, even though these three (3) Defendants have yet to be served with a copy of Plaintiff's Complaint.

6

constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, No. 11-10104, 2011 WL 3585815, at *8 (11th Cir. Aug. 16, 2011). A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Bryant, 575 F.3d at 1299. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. at 1299-1300.

Plaintiff offers nothing more than bare allegations that there was a history of widespread abuse involving inmates using razor blades to assault staff or other inmates. In addition, Plaintiff presents nothing more than bare assertions that Defendants Thomas, Jarriel, Dasher, Brewton, or Parker had a custom or policy in place and that custom or policy resulted in deliberate indifference to Plaintiff's or any other inmate's safety. It is apparent that Plaintiff seeks to hold Defendants Thomas, Jarriel, Dasher, Brewton, and Parker liable based solely on their supervisory positions, which Plaintiff cannot do in section 1983 litigation. This portion of Movants' Motion should be granted. Plaintiff's claims against Defendants Thomas, Jarriel, Dasher, Brewton, and Parker should be dismissed.

It is unnecessary to address Movants' contentions regarding any alleged entitlement to qualified immunity.

7

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Movants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendants Jarriel, Dasher, Paul, Brewton, Tammie Thomas, and Dekele be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of August, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE