FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 DEC 13 P 1:53
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARVIN TURNER,

   Plaintiff,

v.              CIVIL ACTION NO.: CV611-098

JEROME LANE; KEVIN KING; ANDREW
LILLARD; and ZENFORD THOMAS,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Telfair State Prison in Helena, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. Defendants Zenford Thomas, Jerome Lane, Kevin King, and Andrew Lillard ("Movants") filed a Motion to Dismiss. Plaintiff did not file a Response. For the reasons which follow, Movants' Unopposed Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants Lane, King, and Lillard were assigned to the yard-pen area for the segregation unit. Plaintiff contends that he was handcuffed during an escort, and these Defendants allowed or actively permitted another prisoner (Charles Duffy) to attack him with a razor blade. Plaintiff does not allege that Defendant Zenford Thomas was involved in this escort, but he was a supervisor.

AO 72A
(Rev. 8/82)

Movants contend that Plaintiff fails to state a failure to protect claim. Defendant Zenford Thomas asserts that Plaintiff cannot sue him, in his alleged supervisory capacity, on a respondeat superior basis. Movants allege that they are entitled to qualified immunity.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

AO 72A
(Rev. 8/82)

2

## DISCUSSION AND CITATION TO AUTHORITY

I.   **Deliberate Indifference to Safety/Failure to Protect**

Movants assert that Plaintiff does not allege that they had specific knowledge of a risk of serious harm to Plaintiff's health or safety and that Defendants Lane, King, and Lillard disregarded that risk. Movants also assert that Plaintiff does not allege that any Defendant had knowledge of a particular risk to Plaintiff's health or safety.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety and health of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Co., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. All disputed facts are resolved in accord with the plaintiff's view of the facts. Purcell, 400 F.3d at 1320. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14.

3

A review of the pleadings does not indicate that Defendants Lane, King, or Lilliard were aware of a substantial risk to Plaintiff's, or any other inmate's, safety based on a threat by Charles Duffy or another inmate. Even accepting as true Plaintiff's version of facts, his allegations are formulaic and present nothing more than a threadbare recital of the elements of a deliberate indifference or a failure to protect claim. There is nothing in the pleadings which reveals that Defendants Lane, King, or Lillard had subjective knowledge that Charles Duffy or any other inmate had possession of razor blades, that Charles Duffy or any other inmate was not handcuffed, or that Charles Duffy or any other inmate would grab Plaintiff (or another inmate) and assault him. There is nothing in the pleadings which reveals that Defendants Lane, King, or Lillard had subjective knowledge of a specific threat to Plaintiff's safety or a general threat to Plaintiff's and every other inmates' safety. This portion of Movants' Motion should be granted, and Plaintiff's claims against Defendants Lane, King, and Lillard should be dismissed.

II.     **Respondeat Superior**

Movants assert that Plaintiff names Defendant Zenford Thomas as a Defendant because he was the alleged supervisor over the building at the time another inmate assaulted Plaintiff. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory

defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, No. 11-10104, 2011 WL 3585815, at *8 (11th Cir. Aug. 16, 2011). A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Bryant, 575 F.3d at 1299. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. at 1299-1300.

Plaintiff offers nothing more than bare allegations that there was a history of widespread abuse involving inmates using razor blades to assault staff or other inmates. In addition, Plaintiff presents nothing more than bare assertions that Defendant Zenford Thomas had a custom or policy in place and that custom or policy resulted in deliberate indifference to Plaintiff's or any other inmate's safety. It is apparent that Plaintiff seeks to hold Defendant Zenford Thomas liable based solely on his supervisory position, which Plaintiff cannot do in section 1983 litigation. This portion of Movants' Motion should be granted. Plaintiff's claims against Defendants Zenford Thomas should be dismissed.

It is unnecessary to address Movants' contentions regarding any alleged entitlement to qualified immunity.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Movants' Unopposed Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendants Lane, King, Lillard, and Zedford Thomas be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)